# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| IN RE ) | Bankruptcy Case |
| ) | No. 12-64782-fra13 |
| JONATHAN ELDON HUNSAKER, and ) | |
| CHERYL LYNN HUNSAKER, ) | |
| ) | MEMORANDUM OPINION |
| Debtors. ) | |

Debtors filed a motion asking the Court to value real property they own and to avoid the lien of Aaron J. Updegrave as wholly unsecured.[1] Debtors assert that Updegrave's claim is unsecured because the property subject to Updegrave's claimed lien is worth less than the amounts secured by liens senior to Updegrave's. Because at least a portion of the Debtors' real property is subject only to Updegrave's lien, the motion must be denied.

## DISCUSSION

The Debtors own and reside on an 89.43 acre tract of land in rural Marion County, Oregon. The land is zoned for exclusive farm use. Land subject to this designation is subject to an 80 acre minimum lot size.

The Debtors purchased 17 acres, including a farm dwelling (hereinafter the "Home Parcel"), from the Updegraves in 2006. The acquisition, and the cost of subsequent remodeling, was financed through Countrywide Home Loans, which recorded trust deeds on December 8, 2006, and later on February 23, 2007.

---

[1] *See Zimmer v. PSB Lending Corp. (In re Zimmer)*, 313 F.3d 1220 (9th Cir. 2002)(wholly unsecured lien on a primary residence may be avoided in a chapter 13 proceeding).

MEMORANDUM OPINION-1

The debt secured by the trust deeds is in the amount of $629,795, according to proofs of claim filed in the case.

Thereafter, the Debtors were notified by Marion County that the purchase of the Home Parcel, and its separation from the original 89 acres, created an unlawful lot, as each of the resulting lots was less than the 80 acre minimum. The County refused to issue permits for any further improvements on the 17 acres. To rectify their problem, the Debtors purchased the remaining 72.36 acres (hereinafter the "Farm Parcel") from Updegrave, granting to Updegrave a trust deed securing payment of $197,498.80.

Debtors now seek to avoid Updegrave's lien on the theory that the conveyance of the Home Parcel created an unlawful lot, which illegality was necessarily cured by the subsequent acquisition of the Farm Parcel. The trust deeds given to Countrywide described the Home Parcel, and further provided that the trust deed included all "appurtenances" to the Home Parcel. Debtors argue that, in light of the 80 acre minimum imposed by the County zoning ordinance, the Farm Parcel is appurtenant to the Home Parcel, and therefore both parcels are subject to the Countrywide trust deeds.[2] Since the amount secured by the Countrywide liens exceeds the value of both parcels, asserted by Debtors to be $410,000, it follows that Updegrave's lien, which is subsequent in time, is not secured by any value to the real property, and may be avoided.

Under the Debtors' reasoning, the Countrywide liens would likely trump other liens secured by an interest in the Farm Parcel, if those interests had been acquired after the Countrywide liens. The Debtors' argument fails, however, because the Farm Parcel is not subject to the Countrywide liens, notwithstanding the language that "appurtenances" are included. An appurtenance is a right or attribute of ownership of a described parcel, such as an easement, a structure or building situated on the property, or water rights.[3] The Debtors' acquisition of the Home Parcel was clearly limited to the 17 acres, as were the trust deeds given to Countrywide. The Countrywide trust deeds cannot be said to have extended to the adjoining parcel owned

---

[2] The Countrywide trust deeds were subsequently acquired by creditor Bank of America.

[3] *See e.g., Turner v. Cole*, 49 P. 971, 31 Or. 154 (1897)(irrigation water rights); *Coventon v. Seufert*, 32 P. 508, 23 Or. 548 (1893)(easement).

MEMORANDUM OPINION-2

by Updegrave, either at the time of the conveyance of the Home Parcel or by virtue of that parcel's acquisition two years later by the Debtors.

## CONCLUSION

Because the Countrywide liens are limited to the Home Parcel, leaving the Farm Parcel encumbered only by Updegrave's lien, it follows that Updegrave's lien cannot be avoided. An order will be entered by the Court denying the Debtors' motion.

FRANK R. ALLEY, III
Chief Bankruptcy Judge

MEMORANDUM OPINION-3